Wu v. Lynch

BIA
Balasquide, IJ
A087 558 317

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

PRESENT:
ROSEMARY S. POOLER,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

YONG JUAN WU,
        *Petitioner*,

v.                                    13-4596
                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Giacchino J. Russo, Flushing, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yong Juan Wu, a native and citizen of the People's Republic of China, seeks review of a November 6, 2013, order of the BIA, affirming the April 2, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds. *In re Yong Juan Wu*, No. A087 558 317 (B.I.A. Nov. 6, 2013), *aff'g* No. A087 558 317 (Immig. Ct. New York City Apr. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. We refer to the different written statements attached to Wu's three asylum applications (the applications are dated May 2009, October 2009, and December 2010) as her first, second, and third statements, respectively.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2

2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as Wu's, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d 162 at 167 (2d Cir. 2008).  Here, substantial evidence does not support the adverse credibility determination.

The adverse credibility determination was based on five inconsistencies in Wu's testimony.  Three of the inconsistencies were between her second statement and her testimony.  The IJ not only acknowledged that the second statement was incorrectly translated through no fault of Wu's, but granted a continuance precisely so that the statement could be re-translated.

3

As a basis for determining Wu's lack of credibility, the agency, however, seized on the clear inadequacy of Wu's former counsel's explanation for the inaccurate translation. Those reasons for the mistranslation are entirely unrelated to the fact that Wu's testimony was, in fact, mistranslated. The non-responsiveness of the explanation implicates Wu's lawyer's competence and candor, but it does not implicate Wu's credibility. Accordingly, it was error for the agency to rely upon the discrepancies between Wu's testimony before the IJ and her second statement with regard to how often she attended church in Singapore, how long she was detained in China, and how many times she traveled to Singapore.

The agency properly relied on two other discrepancies: Wu's inconsistent testimony regarding when she first returned to China from Singapore and her testimony regarding her arrest history in the United States. However, whether the agency would conclude that a totality of the circumstances support an adverse credibility determination based only on these two inconsistencies is unclear. Accordingly, remand to the agency is not futile. *Cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is GRANTED and this matter is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk